1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9    NARVIEZ V. ALEXANDER,    )
                               )
10            Petitioner,         )        3:10-cv-0584-LRH-VPC
                               )
11    vs.                              )        **ORDER**
                               )
12                                )
   HOWARD SKOLNIK, *et al.*,      )
13                                )
           Respondents.      )
14 _____/

15       Narviez Alexander, a Nevada prisoner, is proceeding *pro se* in this Court on a petition for

16 writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for

17 consideration on the merits. Petitioner attacks prison disciplinary proceedings which resulted in a

18 loss of 400 days statutory good time credits.

19 **I.**      **Background**

20       On June 30, 2009, following medical examinations to determine the possibility of sexual

21 activity between petitioner and two inmates, petitioner was removed to administrative segregation

22 within the High Desert State Prison. Affidavit of petitioner, Exhibit 1 to Traverse.[1] On July 5, 2009

23 petitioner was served with a notice of disciplinary charges alleging he had committed a single count

24 of sexual assault, an MJ-19, and possession of contraband, an MJ-26. *Id.*, p. 2; Exhibit A to the

25 Answer. The medical examinations failed to provide any physical evidence of sexual activity in

26 _____

27       [1] The exhibits referenced in this Order were submitted by the parties in support of their positions.
Respondents' exhibits designated alphabetically and are attached to their Answer and are found in the
28 Court's docket at #13. Petitioner's exhibits are designated numerically and are found in the Court's
docket at #22.

1   petitioner or the other inmates. *Id.* All three inmates also denied any sexual activity. *Id.*

2         On August 7, 2011, a disciplinary hearing was conducted wherein it was noted that both

3   alleged victims denied any sexual activities. Exhibit B. The report further stated that there was no

4   statement from the Inspector General (IG) regarding any investigation. Based on this lack of

5   evidence, the charges were dismissed. Thereafter, on August 21, 2009, petitioner served a Notice of

6   Intent to Sue to the IG's office based on the treatment he had received in these proceedings. Exhibit

7   1, p. 3.

8         On September 3, 2009, charges were again filed alleging an MJ-19, Sexual Assault against

9   petitioner on the basis of the original facts and additional information received from the IG. Exhibit

10   C. After a preliminary review of the matter, which acknowledged the lack of medical evidence and

11   denial of sexual activity by the purported victims, it was referred for a formal hearing. *Id*. The

12   Notice of Charges was served on petitioner on October 7, 2009, at which point he indicated he

13   wanted three witnesses to appear in his defense, the two alleged victims and a staff member. *Id.;*

14   Exhibit 1, p. 5.

15         The second disciplinary hearing on the sexual assault charge was conducted on November 8,

16   2009. Exhibit E. The report of that hearing indicates the disciplinary hearing officer relied upon

17   confidential information that was considered to be reliable based upon the investigating officer's

18   personal testimony as to the truthfulness of the confidential informant's (CI) information contained

19   in his report; corroborating testimony, the disciplinary chair's first hand knowledge of the source,

20   the source has been reliable in the past, and finally, an in-camera review of the documents found to

21   be reliable. *Id.,* p. 1. The report further cites the officer's "written report and information garnered

22   from IG H.L. Bush" and indicates that safety concerns prevented disclosure of the confidential

23   information. *Id.*

24         Despite the disciplinary hearing officer's recommendation for less time, petitioner was

25   ultimately sanctioned with a loss of 400 days of statutory good time, as determined by the

26   classification division. Exhibit F.

27         Petitioner filed a state petition for writ of habeas corpus on November 16, 2009, challenging

28   the loss of statutory good time credits. Exhibit G. The petition alleged denial of due process based

1   on violations of prison regulations, failing to give proper notice of the evidence to be used against

2   him, hearing officer bias and denial of witnesses and evidence in his defense.  *Id.*  After several

3   hearings on the petition, one of which included the admission, under seal, of the confidential report

4   of IG Bush, the petition was denied as being without merit.  Exhibits 3-5, Exhibit M.

5          After he appealed and the Nevada Supreme Court affirmed the district court's decision

6   (Exhibit N),  petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28

7   U.S.C. §2254, raising seven grounds for relief.

8          Based on various motions by petitioner, together with a review of the Answer and Traverse

9   filed by the parties, the Court determined it would be necessary to obtain and review the confidential

10   report and the tapes of the disciplinary hearings.  An Order for respondents to produce those items

11   was entered on April 25, 2011.  The materials were filed with the Court under seal on May 11, 2011,

12   and have been reviewed by the Court.  Based upon a review of those items and the pleadings and

13   papers on filed herein, the Court will deny the petition, as discussed below.

14   **II.    Discussion**

15          In their Answer Respondents' allege that the petition contains unexhausted elements, but

16   because the claims are meritless, they can be considered and denied nonetheless.

17          Petitioner discounts respondents' arguments, suggesting that respondents' counsel is merely

18   attempting to mislead the Court by failing to provide a complete record and by misconstruing the

19   record that has been produced.

20          <u>Ground One</u>

21          Petitioner alleges his right to due process, guaranteed by the Fourteenth Amendment to the

22   United States Constitution, was violated where the disciplinary hearing was not conducted in

23   conformance with the Nevada Department of Corrections (NDOC) Administrative Regulations, did

24   not establish the reliability of the confidential information and failed to meet the due process

25   standards imposed under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963 (1974) and *Illinois v.*

26   *Gates,* 462 U.S. 213, 103 S.Ct. 2317 (1983).  Most particularly, petitioner argues that (1) he was not

27   given notice pursuant to NDOC regulations; (2) that the hearing officer had not read, reviewed or

28   made independent assessment of the information's reliability pursuant to NDOC regulations; (3) that

1  the confidential information was not assessed under a totality of the circumstances review as

2  required by *Illinois v. Gates;* and (4) the confidential investigative interview was not a part of the

3  record as required by NDOC regulations.

4                          a.    Exhaustion

5       Respondents contend that subparts 1, 2 and 4 of this ground for relief are unexhausted

6  because they were not presented to the Nevada Supreme Court during the state habeas proceedings.

7  However, respondents answer the allegations on the basis that the court can deny a claim for relief

8  despite its lacking exhaustion. They further contend that a failure to comply with prison regulations

9  does not amount to a due process violation of constitutional dimensions.

10      A federal court can deny an unexhausted claim on its merits, so long as considerations of

11  comity and federalism weigh in favor of such action. *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct.

12  1671 (1987). However, the Ninth Circuit has held that denying relief in the absence of exhaustion

13  should only occur "when it is perfectly clear that the applicant does not raise even a colorable federal

14  claim." *Cassett v. Stewart,* 406 F.3d 614, 623-34 (9th Cir. 2005).

15      Petitioner argues that respondents have failed to provide the necessary record to confirm that

16  the claims are, in fact, exhausted and successfully demonstrates that his contentions in ground one

17  were presented to the state courts in his Supplement to the Amended Petition for Writ of Habeas

18  Corpus. Exhibit 7.[2]   Thus, the Court founds the grounds are exhausted and can be considered on

19  their merits.

20                          b.    Merits

21      Prison regulations can, in certain circumstances, create a liberty interest protected by the due

22  process clause of the U.S. Constitution. *Sandin v. Conner,* 515 U.S. 472, 483, 115 S.Ct. 2293, 2300

23  (1995). Such interests arise only where the violation of the regulation would result in atypical and

24  significant hardship on the inmate. *Id.* at 484, 115 S.Ct. 2300. In such cases, due process requires:

25  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written

26

27      [2] The appeal of this petition to the Nevada Supreme Court was taken solely on the record, without
    additional briefing or oral argument. Thus, any contention presented to the state district court must be
28  considered to be presented to the high court in that appeal. *See* Exhibit N, fn. 1.

4

1   notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written

2   statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action;

3   (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not

4   be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner

5   where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418

6   U.S. 539, 556 (1974).

7          In the facts and circumstances presented here, petitioner was not denied due process.  He

8   received prior and adequate notice of the charges against him.  The record contains a written

9   statement of the evidence relied upon by the hearing officer and the record of the hearings held in

10  relation to the charges at issue here demonstrate that petitioner was denied witnesses on the basis of

11  concern for those witnesses' safety.  Finally, the recording also demonstrates that petitioner desired

12  to and was given ample opportunity to present his own defense at the August 7, 2009, hearing.  *See*

13  Exhibits A-F.

14         Due process in prison disciplinary proceedings does not require the revelation of the identity

15  of a confidential informant, as there is no right for an accused inmate to confront or examine

16  witnesses against him.  *Wolff*, 418 U.S. at 548, 94 S.Ct. at 2981; *Zimmerlee v. Keeney,* 831 F.2d

17  183, 187 (9th Cir. 1987) .  So long as there is factual information from which the disciplinary

18  committee can "reasonably conclude" that the information was reliable, and the record contains an

19  affirmative statement from a prison official that safety considerations prevent disclosure of the

20  identity of the confidential informant, due process has not been violated.  *Zimmerlee, supra.* Courts

21  must give deference to prison officials' determinations of prison security needs.  *Id.*

22         The Nevada Supreme Court denied this claim, reviewing the facts reasonably and reasonably

23  applying federal law.  No relief is warranted as to ground one under 28 U.S.C. § 2254.

24         <u>Grounds Two and Three</u>

25         Ground two claims a violation of due process under the Fourteenth Amendment because

26  petitioner was denied the opportunity to put on a defense by presenting witnesses and other requested

27  evidence, in violation of the NDOC Administrative Regulations.

28         Ground three claims a due process violation based on the denial of the opportunity to put on a

1  defense where he denied access to the evidence used against him including the confidential

2  information contained in the investigator's report, in violation of the NDOC Administrative

3  Regulations.

4          As discussed previously, the Court has reviewed the tape recording of the two disciplinary

5  hearings conducted in this matter.  At the August 8, 2009 hearing, the hearing officer agreed that

6  petitioner's witnesses would be accepted.  Exhibit B.  However, the witnesses were not called based

7  upon the evidence then available and the arguments of petitioner in his own defense.  At that

8  hearing, the charges were dismissed with the hearing officer relying on the conflicting statements of

9  witnesses and the "age" of the charges.  *Id.*   At the second/renewed disciplinary hearing conducted

10  on November 7, 2009, by the same hearing officer, the witnesses were identified and accepted as

11  relevant, but the hearing officer determined, based upon the additional information received from the

12  IG, that safety concerns should preclude their appearance.  Exhibits D and E; ECF No. 30 - recording

13  of disciplinary hearing entered under Seal.[3]  Moreover, physical evidence of the purported sexual

14  assault is not required and the absence of medical indicators that a sexual assault did or did not occur

15  would not be dispositive of the charges in this instance.

16          Petitioner's contention that he should be allowed access to the confidential informant's

17  statement is rebutted by *Wolff* and its progeny in the circumstances presented here.  *Zimmerlee,* 831

18  F.2d 183, 186-187.  Concerns for institutional security and safety of inmates and staff overbears a

19  convict's right to confront witnesses and evidence against him.

20          Because the record before this Court demonstrates that the requirements of *Wolff* have been

21  met, relief is not warranted. Petitioner has not demonstrated that the Nevada Supreme Court's

22  determination of this claim was an objectively unreasonable application of federal law or an

23  unreasonable determination of the facts.  Grounds two and three shall be denied.

24  ///

25

26          [3] While the tape recording of the disciplinary hearing might, by itself, present no need to be kept
   under seal, it is included on a cassette tape and compact disk recording which also include the interview
27  of the confidential informant.  Because the two cannot readily be separated, and because petitioner was
   present at the hearings and knows first hand what occurred there, the Court finds that no harm results
28  from maintaining the recorded hearings under seal.

Ground Four

Petitioner claims he was denied due process because the disciplinary hearing officer failed to provide an adequate written statement of the evidence relied upon to convict him of the disciplinary charges.  Petitioner contends the statement was inadequate under NDOC Administrative Regulations.

As previously noted, the requirements of due process in the prison disciplinary setting are not bound by prison regulation and violation of those regulations does not present a cognizable federal claim.  Moreover, the disciplinary hearing report includes a written statement of what the evidence against petitioner included.  Because it is a "some evidence" standard, not a standard beyond a reasonable doubt, or even a preponderance of the evidence standard, it is not necessary for prison officials to delineate specifics as to dates and times and places, so long as it is determined that the evidence available is reliable.  Such reliable evidence exists in this case.  Ground four is without merit and the Nevada Supreme Court's determination of the claim was appropriate under *Wolff* and *Zimmerlee.*  Ground four shall be denied.

Ground Five

In ground five, petitioner claims a due process violation occurred where the hearing officer was biased against him and was predisposed to find him guilty.  He further alleges the hearing officer failed to properly assess the confidential information for reliability and he falsified the summary report of the disciplinary hearing as to the steps taken to determine the confidential information's reliability.

Respondents argue that this ground is unexhausted because it adds significant facts to support the claim that were not presented to the state courts. Additional facts that do not alter the gravamen of the claim do not render it unexhausted.  *Luna v. Cambra*  306 F.3d 954, 965 (9th Cir. 2002) as amended by 311 F.3d 928 (9th Cir. 2002); *see also,Brown v. Myers,* 137 F.3d 1154, 1157 n. 3 (9th Cir. 1998) (alteration in original) (quoting *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir.1988)).  Respondents further argue the claim is without merit as determined by the Nevada Supreme Court.

Petitioner's claim is without merit.  The Court has reviewed the tape recording of the disciplinary hearing which presents no statements by the hearing officer that he was being pressured

1   or was predisposed to find petitioner guilty of the charge.  The tape recording of the two different

2   hearings demonstrates that petitioner had previously presented his defense to the same hearing

3   officer.  Finally, the tape recording belies any allegation that petitioner's request for witnesses was

4   disregarded.  However, the hearing officer did state that the witnesses were denied for security and

5   safety reasons.

6          The Nevada Supreme Court considered this claim, finding that petitioner's allegations were

7   inadequate to demonstrate a due process violation and belied by the fact that the hearing officer

8   recommended that petitioner lose only 90 days credit where substantially greater losses were

9   possible. Petitioner has not demonstrated that the state court's determination was wrong within the

10  constraints of 28 U.S.C. § 2254.  Ground five shall be denied.

11         <u>Ground Six</u>

12         Ground six claims due process and equal protection was denied when he was charged a

13  second time for the same offense that he had previously been found not guilty.  He contends the

14  renewed charges were brought "without new evidence" in retaliation of his threat to sue the NDOC

15  for bringing the first charges and for the treatment he received as a result of those charges. Reply, p.

16  45.

17         This claim was raised before the district court and that court, which addressed it under the

18  rubric of double jeopardy, determined it was without merit.  The Nevada Supreme Court did not

19  directly address the claim.  Where the state-court decision has no explanation, the habeas petitioner

20  must still show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*,

21  131 S.Ct 770, 778 (2011).  Petitioner has failed in this regard.

22         To prove his retaliation claim, the petitioner must prove that a state actor took some adverse

23  action against him because of his protected conduct, that such action chilled his exercise of his First

24  Amendment rights, and the action taken by the state actor did not advance a legitimate correctional

25  goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.2004).

26         First, the Court notes that "new evidence" was made available to the hearing officer in the

27  form of the confidential informant's statement.  Second, the renewed notice of charges and the

28  statement of findings included in the record indicate that the charges were reopened after a computer

1    error was resolved and the hearing officer was afforded access to the IG's report and the confidential

2    informant interview transcript.  Third, there is no evidence to suggest that the hearing officer, who

3    found petitioner guilty of the charges, was aware of his threat to sue, where the threat was directed to

4    the Investigator General's office.  *See,* Reply, p. 46.[4]

5         Petitioner has failed in his obligation to prove retaliation.  Petitioner's conviction of sexual

6    assault against another inmate and the consequences of that conviction did promote legitimate

7    correctional goals: those of providing for a safe and secure environment within the prison and of

8    curtaining criminal activities committed by or against inmates.  Moreover, his pursuit of this habeas

9    action demonstrates that his conviction did not chill his exercise of his First Amendment rights to

10   petition the courts.  Finally, he has not convinced this Court that the motivation for renewing the

11   charges was because of his threat to sue.  Rather, it seems likely the charges were renewed because it

12   became evident that the hearing officer originally did not have access to all the relevant evidence at

13   the time the charges were originally dismissed.

14        The state court's denial of this claim was not unreasonable and ground six shall be denied.

15   <u>Ground Seven</u>

16        In ground seven, petitioner argues that the state court's refusal to conduct an evidentiary

17   hearing violated due process because he was denied an opportunity to "marshal the facts in support

18   of his claims.  Petition, p. 15.

19        As respondents' note, this ground was never presented to the state court for adjudication,

20   making it unexhausted.  However, because it fails to state a cognizable federal habeas claim, it shall

21   be denied nonetheless.  *Cassett v. Stewart,* 406 F.3d at 623-34.  Errors in state post conviction

22   review process are not reviewable through habeas corpus proceedings.  *Franzen v. Brinkman,* 877 f.

23   2d 26 (9th Cir. 1989).  In habeas corpus proceedings, an evidentiary hearing is required where the

24   petitioner's allegations, if proved, would establish the right to relief.  *Townsend v. Sain*, 372 U.S. 293,

25

26        [4] Petitioner also questions why it took thirty days for the Inspector General to become aware of
     the "computer error" which kept his report from the hearing officer.  Reply, p. 48. It seems likely that
27   petitioner's notice of his intent to sue put the IG on notice that the charges had been dismissed and
     prompted him to investigate the reason for that dismissal.  Such investigation would have revealed that
28   the hearing officer did not have access to the confidential report at the time of the first disciplinary
     hearing, and, upon review of that report, the charges were reinstated.

1   312 (1963); *Van*

2   *Pilon v. Reed*, 799 F.2d 1332, 1338 (9th Cir.1986). However, it is not necessary to conduct an

3   evidentiary hearing if the issues can be resolved through review of the record. *Bashor v. Risely,* 730

4   F.2d 1228, 1233 (9th Cir.) *cert. denied.* 469 U.S. 838, 105 S.Ct. 137 (1984).

5         Ground seven shall be denied as it does not present a cognizable claim for relief.

6   **III.**     **Certificate of Appealability**

7         Should petitioner wish to appeal this decision, he must receive a certificate of appealability.

8   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-

9   951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).

10   Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to

11   warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

12   483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

13   court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at

14   484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

15   issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

16   the questions are adequate to deserve encouragement to proceed further. *Id.*

17         Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

18   2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

19   order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice

20   of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

21   considered the issues raised by petitioner, with respect to whether they satisfy the standard for

22   issuance of a certificate of appealability, and determines that none meet that standard.  The Court

23   will therefore deny petitioner a certificate of appealability.

24         **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus pursuant to 28

25   U.S.C. § 2254 (ECF No. 8) is **DENIED.**  No Certificate of Appealability is warranted and none shall

26   issue.

27   ///

28   ///

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** that the Clerk shall enter judgement accordingly.


DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE