# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NARVIEZ V. ALEXANDER,

     Petitioner,

vs.

HOWARD SKOLNIK, *et al.*,

     Respondents.

3:10-cv-0584-LRH-VPC

**ORDER**

On June 3, 2011, Narviez Alexander, a Nevada prisoner, had his section 2254 habeas petition denied on its merits. (ECF No. 31.) Judgment was entered thereafter. On June 15, 2011, he moved the Court for reconsideration of that decision pursuant to Fed. R. Civ. Pro. 59(e) or 60(b) on the basis of "clear error" in that the Court purportedly failed to consider various facts and argument in making its decision. (ECF No.33.)

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. Rule 59(e) allows the Court to grant a new trial for various reasons. However, because there was no trial in this instance, the motion shall be construed and decided as one for relief from judgment under Rule 60(b). Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

Without identifying a pertinent justification under Rule 60, the motion reargues petitioner's position on the claims raised in his petition, particularly re-emphasizing his arguments related to a

purported lack of notice as to the particulars of the alleged sexual assault and the denial of defense witnesses at the hearing.  He further suggests that the court's review and analysis was inadequate in that it failed to consider each and every subpart of his claims.

Petitioner relies on *Herbst v. Cook* 260 F.2d 1039 (9th Cir. 2001) for its holding that "clear error" warrants reconsideration of the court's judgment.  *Herbst* is a case wherein the court *sua sponte* dismissed a habeas petition as untimely under the AEDPA without giving the petitioner an opportunity to respond or make any showing for equitable tolling.  *Id.*  There the Circuit Court determined that such a dismissal without notice and allowing some response was clear error.  Such conditions are not present in this case.  The petition was fully briefed by both parties and the Court carefully reviewed the arguments and facts presented.  Petitioner has failed to show clear error was present in the Court's review of his petition.  He merely disagrees with the Court's decision and wishes another bite at the apple through additional and repetitive argument.

Petitioner is not entitled to reconsideration of the Court's denial and judgment because petitioner has not shown he is entitled to relief under any of the various avenues available under Rule 60(b).  He has not shown that he was the victim of surprise or excusable neglect, that the judgment was obtained as the result of fraud or that it is void or has been satisfied.  Neither has he shown the "extraordinary circumstances" required for relief under Rule 60(b)(6). *See United States v. Alpine Land and Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993) (subsection to be used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) (same).  The motion for reconsideration shall be denied and the Court's judgment shall stand.

Petitioner has also moved the Court for appointment of counsel for his appeal.  (ECF No. 35.)  As with his prior such motion (ECF No. 7), the Court finds that petitioner is well able to research and articulate his position.  *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir. 1986).

///

///

///

///

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration (ECF No. 33) and the Motion for Appointment of Counsel (ECF No. 35) are **DENIED.**

DATED this 20th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE